**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MANJINDER SINGH,

          Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

          Respondent.

No. 13-73924

Agency No. A043-927-490

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 17, 2016[**]
San Francisco, California

Before: McKEOWN, WARDLAW, and TALLMAN, Circuit Judges.

Manjinder Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ")

denial of his application for and relief under the Convention Against Torture ("CAT").

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252.[1]  Because the record does not compel the conclusion that "it is more likely than not" Singh will be tortured if he returns to India, we deny the petition for review.  *See Bromfield v. Mukasey*, 543 F.3d 1071, 1079 (9th Cir. 2008).

**1.**  The BIA considered all evidence Singh presented and provided a reasoned explanation as to why it dismissed Singh's appeal.  *See Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011).  The BIA listed the five bases on which Singh relied to support his CAT claim, and explained why each was insufficient for Singh to establish a probability that he would be tortured.  Substantial evidence in the record supports the BIA's analysis.  *Id.* at 770.  Although the BIA clearly erred in finding that Singh's letters from Kulvir Singh were not specific to Singh, the BIA properly found that the letters did not demonstrate a probability that Singh would be tortured if returned to India.  Singh's claim regarding the letters relies on a string of suppositions: that Kulvir Singh would have saved all of Singh's letters; that the letters would have been

---

[1] The government argues that 8 U.S.C. § 1252(a)(2)(C) bars our jurisdiction.  Section 1252(a)(2)(C) bars jurisdiction over final orders of removal when an alien admits to committing an aggravated felony.  We have jurisdiction over Singh's CAT claim, however, because both the IJ and the BIA denied CAT relief on the merits and did not rely on his prior convictions.  *See Brezilien v. Holder*, 569 F.3d 403, 410 (9th Cir. 2009) (holding that "as to factual issues, when an IJ does not rely on an alien's conviction in denying CAT relief and instead denies relief on the merits, none of the jurisdiction-stripping provisions . . . apply to divest this court of jurisdiction" (ellipsis in original) (citation and internal quotation marks omitted)).

amongst the property authorities removed from Kulvir Singh's house in 2012; and that the non-political nature of Singh's letters would prompt the authorities to target Singh, who was not living in India and who was one of the many people writing to Kulvir Singh. Such speculation cannot satisfy Singh's burden under 8 C.F.R. § 1208.16(c)(2). *See Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013) (affirming denial of CAT relief when petitioner relied on "a series of worst-case scenarios"). Additionally, the BIA did not clearly err in finding that neither Singh's membership in the Akali Dal Panch Pardhani party, which Singh testified has about a hundred thousand members, nor his pro-Khalistan views made it likely that he would be tortured.

Singh's assertion that he would be tortured because of an article he wrote for a Canadian newspaper in 2003 is similarly speculative. Singh testified that Punjabi police repeatedly threatened his uncle after the article was published and wanted to pay Singh to write positive articles about the Punjabi Prime Minister. Without more, Singh cannot show that he is likely to be tortured by police because of this now decade-old article, even if he relocated elsewhere in India. *Cf. Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc) (recognizing that evidence that the applicant could relocate within the country of removal must be considered under 8 C.F.R. § 1208.16(c)(3)).

Substantial evidence in the record similarly supports the BIA's rejection of Singh's argument that he is likely to be tortured because of his status as a criminal deportee. Singh acknowledged that he was not similarly-situated to his co-defendant because Singh came to the United States on a visa, rather than by seeking asylum. Additionally, Singh testified that while some people he knows were detained and beaten after their deportation, some of them were not detained.

**2.** Contrary to Singh's argument, the BIA explicitly considered the country reports in the record and recognized that the country reports "indicate a generalized use of custodial torture in India." The BIA properly found, however, that these country reports did not show that the forces responsible for custodial torture would target Singh and make it more likely than not that Singh would be tortured upon his return to India.

**3.** Singh contends that the BIA failed to recognize that he could not relocate within India because he will be detained upon his arrival in India–apparently at any airport in India. But the record does not support his argument and instead supports the opposite conclusion: country reports state that Indian authorities generally do not trace an individual who moves to another area unless there are outstanding charges against the individual, and that authorities lack the ability to perform background checks when individuals relocate within India. *Chebchoub v. INS*, 257 F.3d 1038,

4

1044 (9th Cir. 2001) (affirming BIA's use of country reports to "refute a generalized statement" regarding the practice of exile in Morocco), *superseded by statute on other grounds as stated in Shrestha v. Holder*, 590 F.3d 1034, 1046 (9th Cir. 2010).

**The Petition for Review is DENIED.**